### Preece v. Faulkner, et al.

(Decided November 12, 1912.)

#### Appeal from Pike Circuit Court.

1. Schools and School Districts—When District Without Schoolhouse—Use of Room in Academy.—An educational board of a school district may contract with an academy for the use of one or more of its rooms in which to teach the public school so long as the district is without a suitable house. But a merger of the school with an academy would be a violation of the law.

2. Schools and School Districts—Payment of Teacher—Pleading.—
There is nothing in the pleadings authorizing a judgment against
the teacher for the return of the money she had received nor
does the proof authorize it.

STRATTON & STEPHENSON for appellant.

AUXIER, HERMAN & FRANCIS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant, a citizen of educational division number
eight in subdistrict seventy in Pike County, brought this
action against W. E. Flanary, superintendent of schools,
and Garnette Faulkner, a school teacher in his district
and division. The action was instituted October 19,
1911, soon after the school term commenced, and before
the teacher was paid any part of the public school fund
for teaching the school. Appellant alleged that an in-
stitution known as "The Matthew Scott, Jr., Academy,"
had a building and was conducting a sectarian school
in that county; that it was controlled and managed by
the Presbyterian Church, a religious organization; that
the public school for that district was being taught in
the same building and was merged with this select Pres-
byterian school. He asked that the superintendent of
schools be enjoined from paying the teacher of that dis-
trict, Garnette L. Faulkner, and that she be enjoined
from receiving any part of the public school money.

There was only one deposition taken in the case and
that was Mr. Charles', secretary of the school board.
He testified that the district was without a suitable
school building in which to have the school taught; that
the house was badly out of repair, and that nearly all the
school patrons of the district had petitioned the trus-
tee to rent a room in the academy building, which was
done and the school was taught there by Miss Faulkner,
and that the advanced scholars in the school were per-
mitted to study higher branches than those taught in
the public school and to recite these studies in rooms
other than the one rented, and to other teachers. He
was of the opinion that the chapel exercises were at-
tended by all the pupils in the public school as well as
those in the academy.

Upon a trial of the case the lower court adjudged
that the manner in which the school was conducted and

classified; that is the placing of some of the pupils of the public school under the care and supervision of teachers other than those employed by the board of education, was a merger of the public school with the academy which was a violation of law, and issued an injunction to prevent such management in the future, but held that an educational board of a school district had a perfect right, under the laws of Kentucky, to contract with the academy for the use of one or more of its rooms in which to teach the public school so long as the district was without a suitable house. The lower court was also of the opinion that Miss Faulkner was entitled to her pay as the teacher of the school.

It appears that Miss Faulkner received her salary for teaching as it fell due under her contract, no injunction having been issued, and it appears that at the time of the trial in the lower court, she had been paid in full, and it is urged on this appeal that the lower court erred in not rendering a judgment against her for the amount of the money she received under her contract. There is nothing of this kind asked in the petition or any amendment, therefore, the pleadings did not authorize the court to render such judgment. Nor does the proof.

For these reasons, the judgment of the lower court is affirmed.